UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| PATRICIA WOODS, | ED CV 10-1306-CW |
| Plaintiff, | MEMORANDUM DECISION AND ORDER |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying plaintiff's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Pursuant to 28 U.S.C. § 636(c).

The parties have consented that the case may be handled by the undersigned.

The action arises under 42 U.S.C. § 405(g), which authorizes the court to enter judgment upon the pleadings and transcript of record before the Commissioner. Plaintiff and defendant have filed a joint stipulation (Plaintiff's Brief with Points and Authorities Requesting

Remand or Reversal ["Plaintiff's Brief"]; Defendant's Brief with Points and Authorities in Opposition to Plaintiff's Request for Remand or Reversal ["Defendant's Brief"], and defendant has filed the certified transcript of record. After reviewing the matter, the Court concludes that the decision of the Commissioner should be reversed and remanded for further proceedings.

**I.**

**BACKGROUND**

On April 9, 2004, plaintiff filed a Title II application for a period of disability and disability insurance benefits; plaintiff also protectively filed a Title XVI application for supplemental security income ("SSI") on March 16, 2004. (AR 21). Both applications, which alleged disability beginning June 29, 2001, were initially denied on August 2, 2004, and upon reconsideration on March 8, 2005. Thereafter, plaintiff filed a timely written request for a hearing on April 7, 2005 and appeared and testified at the hearing held on October 11, 2006. On January 22, 2007, the ALJ issued an unfavorable decision, finding plaintiff had severe physical impairments but could perform a wide range of light work. (AR 21-31).

On August 2, 2007, plaintiff protectively filed a second application for supplemental security income ("SSI"), alleging disability beginning June 30, 2001, due to pain in the right shoulder, neck, and hands. (AR 74, 91). The claim was denied initially on March 18, 2008, and upon reconsideration on April 18, 2008. Thereafter,

plaintiff filed a written request for a hearing on May 7, 2008. (20 CFR 416.1429 *et seq.*) Plaintiff appeared and testified at the hearing on September 29, 2009; the ALJ issued an unfavorable decision on November 13, 2009. (AR 14). The ALJ determined that plaintiff had not presented new material evidence showing changed circumstances indicative of greater disability during the unadjudicated period ,[1] that she had the same limitations as those found in 2007, and that she could not perform her past relevant work , but remained able to perform other jobs existing in significant numbers. (AR 11-20). After considering plaintiff's age, education, work experience, and residual functional capacity ("RFC"), the ALJ concluded that plaintiff was not disabled within the meaning of the Social Security Act.

**II.**

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence. However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits. See Aukland

---

[1] The unadjudicated period was from January 23, 2007 (first day after the first ALJ's decision denying benefits) to November 13, 2009 (date of the second ALJ's decision denying benefits).

v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Id. "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

**III. DISCUSSION**

**A. THE FIVE-STEP EVALUATION**

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

4

Disability claims are evaluated using a five-step test:

>Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
>Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
>Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
>Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
>Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920. If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps. Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel. Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288. If this burden is met, a *prima facie* case of disability is made, and the burden shifts to the Commissioner (at step five) to

prove that, considering residual functional capacity ("RFC")[2], age, education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B.   ISSUES**

Plaintiff makes three challenges to the ALJ's decision denying benefits. Plaintiff alleges that the ALJ erred in (1) determining there were no changed circumstances indicative of greater disability during the unajudicated period; (2) finding plaintiff had no mental functional limitations; and (3) improperly considering the evidence regarding plaintiff's credibility.[3] For the reasons discussed below, the Court finds that plaintiff's first claim of error does have merit. Because the matter is remanded based on plaintiff's first claim of error, the Court will not address plaintiff's second and third contentions.

Plaintiff claims in Issue One that the ALJ erred in determining there were no changed circumstances because the ALJ failed to properly

---

[2] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989). Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

[3] The Court's determination that the ALJ improperly applied the doctrine of res judicata renders it unnecessary to address plaintiff's other contentions.

consider plaintiff's change in age classifications and the increased severity of the impairment in her right arm. Defendant asserts that plaintiff's contention is meritless because the ALJ proceeded through all five steps of the sequential evaluation and did not adopt a continuing presumption of non-disability via res judicata.

Although the doctrine of res judicata is applied more rigidly in judicial proceedings, the Commissioner may apply administrative res judicata to a subsequent disability claim if the same parties, facts, and issues are involved in both the prior and subsequent claims. Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir. 1988); see Lyle v. Secretary of Health and Human Servs., 700 F.2d 566, 568 (9th Cir. 1983). However, if the plaintiff can prove "changed circumstances" that constitute new material evidence indicative of greater disability, she may overcome the presumption of continuing disability arising from the first ALJ's findings. Chavez, 844 F.2d at 693; see Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir. 1985).

In Chavez, the court held that the attainment of "advanced age" status constitutes a changed circumstance that precludes the application of res judicata, because different age classifications are often outcome-determinative under the distinctions drawn by the Medical Vocational grids. Id. In response to Chavez, Acquiensce Ruling 97-4(9) established that changed circumstances can also be shown by an increase in the severity of the claimant's impairment(s), the alleged

existence of an impairment(s) not previously considered, or a change in the criteria determining disability. Id.

Here, the ALJ improperly determined that there were no changed circumstances indicating plaintiff had greater disability during the unadjudicated period. In making his finding that plaintiff was not disabled within the meaning of the Social Security Act, the ALJ concluded that "the principles of administrative res judicata are applicable . . . [because] the current record [did] not comport with different findings than those heretofore adjudicated." (AR 14). The ALJ determined that "the current record reflects updated medical records . . . continuing in the same vein as those previously reviewed and reflecting no substantive changes in the claimant's overall condition." (AR 17). Finally, the ALJ indicated that "the findings of the prior decision as to significant gaps in credibility are incorporated by reference." (AR 18). Contrary to defendant's contention that the ALJ did not apply the doctrine of res judicata because he conducted the sequential five step evaluation, the ALJ ignored changed circumstances and relied on the previous decision to preclude the adjudication of several issues.

First, the ALJ failed to consider evidence of plaintiff's change in age status---evidence that the Chavez court has deemed to be "often outcome-determinative" towards an ALJ's determination of disability. Chavez, 844 F.2d at 693. On July 5, 2007, plaintiff turned fifty years old, moving her from the (younger individual) classification to the

(closely approaching advanced age) classification. Id. Like the plaintiff in Chavez, plaintiff's 50th birthday during the unadjudicated period constituted new material evidence relevant to an ultimate assessment of her disability. Thus, plaintiff's movement to a higher age classification precludes the application of res judicata to the first ALJ's finding against disability.

Second, the evidence proffered between July 2004 and July 2009 showed a worsening of plaintiff's impairments. In the first decision, the ALJ cited the consultative examiner, who reported plaintiff was able to raise her right arm on occasion; moreover, the medical evidence of record did not mention any credible complaints by plaintiff regarding restrictive range of motion in her right arm. (AR 27). However, in June 2007, Dr. Wood reported that plaintiff's "right arm was hypersensitive to light touch and that she does not move it." (AR 119). Furthermore, in November 2007, Dr. Wood reported that the "[p]atient holds right arm stiff and does not allow it to be touched." (AR 117).

Finally, Dr. Wood's objective findings that plaintiff could not move her arm were corroborated by those of Dr. Sophon, who examined plaintiff in February 2008. Dr. Sophon determined that plaintiff demonstrated no active movement of the arm and had "no functional use of her right upper extremity." (AR 125-131). Although the state agency did not credit a complete loss of right arm use, the consultative examining orthopedist also recognized plaintiff's lack of

functional movement of the right upper extremity. (AR 17). Consequently, the disparate assessments of plaintiff's ability to move her right arm support a finding that her condition worsened and therefore constituted changed circumstances that preclude the application of res judicata.

**C.   REMAND FOR FURTHER PROCEEDINGS**

The decision whether to remand for further proceedings is within the discretion of the district court. Harman v. Apfel, 211 F.3d 1172, 1175-1178 (9th Cir. 2000). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Harman, 211 F.3d at 1179 (decision whether to remand for further proceedings turns upon their likely utility). However, where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. Id.

Here, because outstanding issues remain, remand for further administrative proceedings is appropriate. See e.g., Strauss v. Comm'r of Soc. Sec. Admin., 635 F.3d 1135, 1136 (9th Cir. 2011) (remand for automatic payment of benefits inappropriate unless evidence unequivocally establishes disability).

////

**IV. ORDERS**

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **REVERSED.**

2. This action is **REMANDED** to defendant, pursuant to Sentence Four of 42 U.S.C. §405(g), for further administrative proceedings consistent with instructions set forth in the body of the decision.

3. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: June 29, 2011

_____/s/_____
CARLA M. WOEHRLE
United States Magistrate Judge